[No. 20069.    Department Two.    November 8, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v.
J. W. BROWN, *Appellant*.[1]

[1] INTOXICATING LIQUORS (49)—CRIMINAL PROSECUTION—EVIDENCE—
ADMISSIBILITY. In a prosecution for the possession of liquor,
a bottle of whiskey is sufficiently identified by testimony of
the deputy sheriff that he took it from the defendant, stored
it, and produced it in the court room, corroborated by the
evidence of the justice of the peace before whom defendant
was first tried.

[2] SAME (49). In a prosecution for the possession of several
cases of liquor, after one bottle was identified and a request
made for the production of the balance, whereupon more was
brought into the court room, error cannot be assigned on the
failure of the evidence to show that it was all brought into
the court room.

[3] CRIMINAL LAW (236-3)—TRIAL—MISCONDUCT OF COUNSEL—PRESEN-
TATION OF EVIDENCE. Error cannot be assigned upon improper
conduct of the prosecuting attorney in asking the defendant
"What name did you use," at his place of employment.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered January 20, 1926,
upon a trial and conviction of the unlawful possession
of intoxicating liquor. Affirmed.

*Lloyd & Croteau,* for appellant.
*J. W. Selden* and *H. R. Carothers,* for respondent.

ASKREN, J.—This is an appeal from a conviction on
the charge of having liquor in possession.

The appellant was arrested by a deputy sheriff of
Pierce county, after a chase of several miles, on the
morning of May 29, 1925. He was driving an auto-
mobile which contained in the rear seat seven cases of
whiskey and gin. Trial was had in justice court re-
sulting in conviction. Appeal was taken to the su-
perior court with like result.

[1]Reported in 250 Pac. 349.

[1] It is urged that error was committed by the trial court in permitting the introduction in evidence of Exhibit "A", being a bottle of whiskey, upon the ground of insufficient identification. The deputy sheriff who made the arrest testified that the liquor was taken to the sheriff's office and placed in a storeroom under lock and key; that, at the time of the trial in justice court, he went to the storeroom and took one of the bottles that had been taken from appellant to the court room where it was offered in evidence after being opened, tested, and re-capped. He identified Exhibit "A" as the bottle. The justice of the peace also testified that Exhibit "A" was the bottle offered in evidence in that case, and identified it by reason of marks placed thereon at the time. It is difficult to conceive wherein appellant can claim that this exhibit was not properly identified.

[2] It is next urged that Exhibit "B", another bottle of liquor, was not identified. Counsel for appellant at the time of trial asked the prosecution to produce for the inspection of the court the entire seven cases of whiskey, saying: "I would like to see whether they have got them." The prosecutor said: "I think we had better bring it up, because I gather from the counsel that he infers we may not have the liquor." The defense then rested and the deputy sheriff resumed the stand. After a few questions had been answered, the following questions were put:

"MR. CAROTHERS: I will just ask you, Mr. Bodaylea: is this the liquor that was in the car? A. Yes. Q. And that bottle that is in evidence over there—where did you get that from? A. Out of that sack there—I think you will find there is one more short in there—that sack was dropped and one of the bottles broke. MR. CROTEAU: Didn't save the pieces? A. No, we didn't; didn't know you wanted them. MR. CAROTHERS: I think this will avoid any complications. We will ask

at this time to withdraw Exhibit "A", and offer instead this bottle, and have it marked Exhibit "B". Mr. Croteau: Why withdraw that one? Mr. Carothers: Well, we will offer this one in addition; leave exhibit "A" and offer "B" in addition. Mr. Croteau: Objected to as not properly identified. The Court: Overruled, admitted."

It is now claimed that the record does not show where Exhibit "B" came from, and does not establish the fact that the seven cases or sacks were brought into the court room. But we think this is highly technical. A request for their production was made by defendant, assented to by the prosecutor, and in a very short space of time we find the witness referring in his testimony to them. This should satisfy the most critical.

[3] It is also claimed that error was made in denying a new trial because of: (a) insufficiency of the evidence, and (b) misconduct of the prosecutor. The first question resolves itself into a dispute between the testimony of the deputy sheriff who testified positively that appellant was driving the car in question and that of appellant who claims another person was driving. The verdict of the jury concludes us upon this point.

The misconduct of the prosecutor relates to a question asked of one of appellant's witnesses while testifying regarding his place of employment. He was asked:

"Q. What name did you use down there? A. Sheffler. Q. Frank Sheffler or Eddie? A. Frank is my name."

We see no objection to these questions nor the previous ones along the same line.

Finding no error in the record, the judgment is affirmed.

Tolman, C. J., Mackintosh, Parker and Mitchell, JJ., concur.